UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

**Anthony John Palubicki,**

    Petitioner,

v.

**State of Minnesota,**

    Respondent.

Civil No. 05-2211 (JMR-JJG)

**REPORT
AND
RECOMMENDATION**

---

JEANNE J. GRAHAM, United States Magistrate Judge

This matter is before the undersigned Magistrate Judge of the District Court on the State's motion to dismiss (Doc. No. 4). Petitioner Anthony Palubicki is proceeding pro se. Respondent State of Minnesota is represented by Tibor M. Gallo, Assistant Minnesota Attorney General. Mr. Palubicki is proceeding with a petition for writ of habeas corpus under 28 U.S.C. § 2254. In its motion to dismiss, the State argues that the claim advanced in the petition is procedurally defaulted, or in the alternative, that Mr. Palubicki is not entitled to relief. The matter is referred to this Court for a Report and Recommendation in accordance with 28 U.S.C. § 636 and Local Rule 72.1(c).

## I. BACKGROUND

Mr. Palubicki (Palubicki) was convicted of three counts of first-degree murder under Minn. Stat. § 609.185. These convictions arise out of a burglary on January 25, 2003. While his friend Scott Fix (Fix) kept a lookout, Palubicki allegedly entered an apartment and bludgeoned Lorentz Olson to death. Afterwards they went to Palubicki's home, where Palubicki allegedly made several incriminating comments in the presence of Joy Cantrell, his wife. Both Fix and Cantrell testified against Palubicki at trial.

Palubicki alleges that, two days after the murder, Fix and Cantrell conspired in the robbery of a gas station where Cantrell worked. From this incident, Palubicki argued that Fix and Cantrell had also conspired to frame Palubicki for murder, and that Cantrell was the actual perpetrator. Over Palubicki's objection, the state district court excluded evidence of the robbery, holding that it was not relevant. Following his convictions, Palubicki appealed this ruling to the Minnesota Supreme Court, which upheld this decision. Palubicki now challenges this decision in his petition, claiming that the exclusion of this evidence was a violation of due process.

## II. DISCUSSION

### A. Procedural Default

The State principally argues that, because Palubicki did not fully exhaust all opportunities to advance his argument in the state courts, he cannot assert the argument in his petition. To exhaust an argument, a prisoner must raise a federal issue in a brief before the highest state court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-43 (1999). To ensure that the argument is properly raised, the prisoner is required to fairly present the argument, by giving notice in the brief of a federal constitutional issue. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Palmer v. Clarke*, 408 F.3d 423, 429 (8th Cir. 2005).

The U.S. Supreme Court, in dicta, has suggested that fair presentation may include "citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" *Baldwin*, 541 U.S. at 31. The Eighth Circuit has held that, for fair presentation, a prisoner "is required to refer to a specific constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue." *Cox v. Burger*, 398 F.3d 1025, 1031 (8th Cir. 2005).

In his brief to the Minnesota Supreme Court, Palubicki captioned his argument, "The trial court violated appellant's constitutional right to present evidence in his defense by excluding evidence that Cantrell and Fix committed a robbery together two days after the Olson burglary." In support of this proposition, Palubicki cited *State v. Richards*, a Minnesota Supreme Court case, and indirectly quoted *California v. Trombetta*, a U.S. Supreme Court case. The cited language in *Richards* provides,

> Defendant contends that he was denied a constitutional right to a fair trial by unreasonable restrictions placed by the trial court on . . . his right to present evidence . . . . Under our system of jurisprudence, every criminal defendant has the right to be treated with fundamental fairness and "afforded a meaningful opportunity to present a complete defense." *California v. Trombetta*, 467 U.S. 479, 485 . . . (1984). The due process clauses of the Fourteenth Amendment of the United States Constitution and Article I, section 7 of the Minnesota Constitution require no less.

495 N.W.2d 187, 191 (Minn. 1992). The brief does not expressly mention a federal constitutional provision, nor does it employ the term "federal" to describe any argument.

It is a close question whether the citation to *Richards* is sufficient to satisfy the requirement of fair presentation. *Richards* may be characterized as "a state case raising a pertinent federal constitutional issue." But it is otherwise a fairly superficial reference to the Due Process Clause of the Fourteenth Amendment. In the appeal before the Minnesota Supreme Court, neither Palubicki in his brief, nor the court in its published decision, engage in federal constitutional analysis. *See State v. Palubicki*, 700 N.W.2d 476, 485 (Minn. 2005).

When considering a petition for a writ of habeas corpus, "judicial economy sometimes dictates reaching the merits if the merits are easily resolvable against a petition while the procedural bar issues are complicated." *Barrett v. Acevedo*, 169 F.3d 1155, 1161 (8th Cir. 1999). Rather than issuing a

questionable recommendation on the issue of default, it is better to proceed to the merits of the argument Palubicki advances in his petition.

### B. Review of Evidentiary Ruling

When considering a motion to dismiss for failure to state a basis for relief, all reasonable inferences are taken in favor of the nonmoving party. *Casazza v. Kiser*, 313 F.3d 414, 418 (8th Cir. 2002). Palubicki advances his petition under 28 U.S.C. § 2254(d)(1), which provides in relevant part,

> An application for a writ of habeas corpus . . . shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim . . . resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States[.]

A decision by a state court is contrary to law if that decision, evaluated objectively and on the merits, cannot be reasonably justified under existing precedent of the U.S. Supreme Court. A reviewing court may also examine decisions of inferior federal courts in factually similar cases. *Richardson v. Bowersox*, 188 F.3d 973, 978 (8th Cir. 1999).

When a prisoner seeks review of an evidentiary ruling in a petition for a writ of habeas corpus, the only question is whether that ruling violates due process. Such a violation occurs when the ruling is "so conspicuously prejudicial or of such magnitude as to fatally infect the trial and deprive the defendant of due process." *Bounds v. Delo*, 151 F.3d 1116, 1119 (8th Cir. 1998). The prisoner must demonstrate a reasonable probability that the ruling was erroneous and that it affected the outcome of the trial. *Richardson v. Bowersox*, 188 F.3d 973, 980 (8th Cir. 1999).

Where a state district court excluded evidence of prior misconduct by a murder victim, but that misconduct was irrelevant to the prisoner's claim of self-defense, exclusion did not violate due process. *Robinson v. LaFleur*, 225 F.3d 950, 954 (8th Cir. 2000). Where a state district court excluded evidence on the character of a potential alternative perpetrator, but that evidence was not reliable and had no tendency to connect the perpetrator to the crime, exclusion again did not violate due process. *Nebinger v. Ault*, 208 F.3d 695, 696-97 (8th Cir. 2000).

Here Palubicki argues that, through evidence of the robbery of the gas station, he may prove that Cantrell committed the murder. But the robbery has no tendency to show whether Cantrell was present at the murder or how she potentially participated in that crime. At best the robbery may be offered as evidence for an otherwise unsubstantiated conspiracy between Fix and Cantrell. Even when all reasonable inferences are taken in Palubicki's favor, it is highly unlikely that this evidence would have had any impact on the trial.

Because the exclusion of this evidence is not conspicuously prejudicial, the state district court did not violate the requirements of federal due process. Its decision was reasonably justified on the basis of existing precedent. Thus Palubicki has failed to state a basis for relief in his petition.

### III. CONCLUSION

It is unnecessary to reach the State's argument that the claim advanced by Palubicki in his petition is procedurally defaulted. Even taking all reasonable inferences in his favor, Palubicki fails to demonstrate that the district court violated due process by excluding evidence. Because the decision of the district court was reasonably justified by existing precedent, Palubicki has not stated a claim for relief under 28 U.S.C.

§ 2254. The State's motion to dismiss should accordingly be granted and this matter dismissed with prejudice.

## IV. RECOMMENDATION

Being duly advised of all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT:**

1. The State's motion to dismiss (Doc. No. 4) be **GRANTED.**

2. This matter be **DISMISSED WITH PREJUDICE.**

Dated this 1st day of March, 2006.  s/ Jeanne J. Graham

JEANNE J. GRAHAM
United States Magistrate Judge

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by March 21, 2006. A party may respond to the objections within ten days after service. Any objections or responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.